JEREMY BRANCH (SBN 303240)
jeremyb@jlohman.com
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St., Ste. 201
Temecula, CA 92590
Tel: (866) 329-9217 ext. 1009
Attorney for Plaintiff, Mark Anthony

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| MARK ANTHONY, individually and on behalf of all others similarly situated, | Case No. 5:20-cv-01968- JAK (KKx) |
| *Plaintiff*, | FIRST AMENDED COMPLAINT FOR: |
| v. | 1. ILLEGAL ROBOCALLING, 47 U.S.C. § 227(b) |
| PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR, a New Jersey limited liability company, and DOES 1-10 | 2. ILLEGAL TELEMARKETING 47 U.S.C. § 227(c) |
| *Defendants*. | **DEMAND FOR JURY TRIAL** |

1.      Plaintiff Mark Anthony ("Plaintiff") brings this Class Action Complaint

against Defendant Pro Custom Solar, LLC d/b/a Momentum Solar ("Momentum

1

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Solar" or "Defendant") to stop its practice of making unsolicited autodialed and pre-recorded telephone calls to consumers' cellular telephones without procuring prior express written consent as required by law, and to obtain redress for all persons similarly injured by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself, and, as to all other matters, upon information and belief.

2.     The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, prohibit companies such as Defendant from making calls to cellular telephones using an automatic telephone dialing system ("ATDS") or pre-recorded voice for telemarketing purposes without first obtaining prior express written consent.

3.     In this case, Momentum Solar has violated, and continues to violate, the TCPA and its regulations by placing unsolicited autodialed and pre-recorded calls to cellular phone subscribers who have not provided prior express written consent.

## PARTIES

4.     Plaintiff is a natural person over the age of eighteen who resides in the city of Corona, county of Riverside County, California and is otherwise *sui Jus*.

5.     Defendant Momentum Solar is the associated name or a d/b/a for Pro Custom Solar, LLC, a limited liability company incorporated and existing under the

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

laws of the State of New Jersey whose primary place of business and corporate headquarters is located at 3096B Hamilton Blvd, South Plainfield, New Jersey 07080.

6.      Defendants Does 1-10 are believed to be third party marketing companies used by Momentum Solar to place telemarketing calls on its behalf. Their identities are unknown at this time.

## JURISDICTION

7.      This Court has federal-question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because each of the alleged Classes consists over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA apply.

8.      This Court has personal jurisdiction over Momentum Solar and venue is proper in this District because Defendant solicits significant business in this District.

## COMMON ALLEGATIONS OF FACT

9.      Defendant Momentum Solar is a supplier of solar energy solutions headquartered in South Plainfield, New Jersey.

10.     In an effort to effectuate Momentum Solar's business, Defendant

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

engages in telemarketing to reach consumers.

11.     The hardware and software used by Defendant (or its agent) to make the telemarketing calls is an automatic telephone dialing system ("ATDS") because, among other things, the equipment has the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator and to dial such numbers, *en masse*, in an automated fashion without human intervention.

12.     Furthermore, the ATDS utilized by Defendant includes features which support a finding that Defendant uses a predictive dialer to place the phone calls in question.

13.     On information and believe Plaintiff alleges the technology used by Defendant is a predictive dialer because everytime Plaintiff answered Defendant's phone calls, he was met with hold music, a pause, and an agent that appeared not prepared to speak with him.

14.     Predictive dialers have long been considered automatic telephone dialing systems by the FCC. In fact, the FCC's first ruling on the TCPA in 1992 recognized the importance of restrictions on equipment such as predictive dialers. Referring in part to "predictive dialers," the FCC opined that "…both live [solicitation calls, such as with a predictive dialer] and artificial or prerecorded voice telephone solicitations

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

should be subject to significant restrictions." 7 FCC Rcd. 8752, 8756 (F.C.C. September 17, 1992).

15.     Since 2003, the FCC has definitively held that predictive dialers qualify as an ATDS under the TCPA. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 19 FCC Rcd. 14014, 14115 ¶¶ 131-134 (2003).

16.     The FCC describes predictive dialers as follow:

> A predictive dialer is an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a telemarketer will be available to take the call. Such software programs are set up in order to minimize the amount of downtime for a telemarketer. In some instanced, a consumer answers the phone only to hear "dead air" because no telemarketer is free to take the call
> …
> [A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. <u>The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.</u>
> …
> Predictive dialers initiate phone calls while telemarketers are talking to other consumers and frequently disconnect those calls when a telemarketer is unavailable to take the next call…Predictive dialers reduce the amount of down time for sales agents, as consumers are more likely to be on the line when the telemarketer completes a call.

*Id.* at ¶¶ 8 fn 31, 131, and 146. [Emphasis Added]

17.     Momentum Solar fails to obtain consumers' prior express written

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

consent as required by the TCPA to use such equipment to place such calls.

18.     That is, Momentum Solar makes unauthorized pre-recorded and autodialed calls to cellular subscribers who have not provided Defendant with proper consent to place such calls and text messages.

19.     In doing so, Momentum Solar makes unsolicited telemarketing calls to solicit consumers to purchase its solar energy products and services—all in violation of the TCPA.

20.     By making the calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with and interrupted Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. The phone rings and interrupts the user's experience. Defendant also caused injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

21.     Defendant knows or acts in conscious disregard of the fact that its autodialed and pre-recorded calls to these cellular subscribers are unauthorized.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

22.     As such, Defendant not only invaded the personal privacy of Plaintiff and other members of the putative Class, it also intentionally and repeatedly violated the TCPA.

23.     To the extent a third party made calls on behalf of Momentum Solar, Momentum Solar knew about the calls, received the benefits of the calls, directed the calls to be placed, and ratified the calls. Momentum Solar is liable for all calls placed on its behalf.

## FACTS SPECIFIC TO PLAINTIFF ANTHONY

24.     Plaintiff is the subscriber and customary user of a personal cellular telephone number ending in telephone number 6579.

25.     In or around May 2020, Plaintiff began to receive calls from Defendant, using a caller identity of (704) 851-5936 as well as other phone numbers.

26.     Defendant was calling Plaintiff to sell him on its solar energy products and installation services.

27.     Defendant was spoofing its caller identity to appear to be a phone call from a local caller to entice Plaintiff into answering the phone. Upon information and belief, Defendant has no locations in North Carolina and has no reason to call Plaintiff, a California resident, from North Carolina other than to attempt to trick Plaintiff into answering the phone call.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

28.     Defendant placed multiple calls a day to Plaintiff's cell phone.

29.     Plaintiff never provided any verbal or written consent to Defendant that satisfied the requirements set forth in 47 C.F.R. 62.1200(f)(8)(i) or otherwise.

30.     On at least two occasions between the initial phone call in May 2020 and June 25, 2020, Plaintiff answered Defendant's phone calls and told Defendant to stop calling his cell phone.

31.     Defendant ingored both instructions to stop calling Plaintiff.

32.     Each time Plaintiff answered Defendant's call, music played until a live agent of Defendant connected to the call.

33.     This delay in being connected to a live agent was the result of the dialing system Defendant was using to place the calls to Plaintiff and is evidence that the call was placed using predictive dialer technology.

34.     Defendant has placed over one hundred (100) calls to Plaintiff's cell phone using this same telephone dialing equipment.

35.     Due to the frequency of phone calls, the vast amount of phone calls, and the fact that Defendant continued to place phone calls to Plaintiff's cellular telephone after multiple requests to stop calling, it is Plaintiff's belief that the calls placed to his cellular telephone were not targeted or directed but were more likely calls placed

8

through a number generator, generating the phone numbers randomly or sequentially.

36.     By continuing to make unauthorized calls as alleged herein, Momentum Solar has caused Plaintiff and other consumers actual harm and cognizable legal injury. This includes the aggravation, nuisance, and invasion of privacy that results from the receipt of such unwanted calls in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused injury to their phones by causing wear and tear on their property, consuming battery life, interfering with their use and enjoyment, and appropriating cellular minutes and data.

37.     Further, when asked about its written Do Not Call Policy, Defendant's agent stated that such a written policy did not exist.

38.     To redress these injuries, Plaintiff, on behalf of himself and the Class of similarly situated individuals set forth below, bring this suit under the TCPA, which prohibits unsolicited text calls to cellular telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized autodialed calling activities (plus corresponding declaratory relief) and an award of statutory damages to the class members to be paid into a common fund for the benefit of the class

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

39.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class as defined as follows:

**No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) received at least one call from Defendant, or a third person acting on behalf of Defendant; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's solar products and services; (5) using the same equipment that was used to call the Plaintiff; and (6) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call the Plaintiff.

40.    The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipate the need to amend the class definition following appropriate discovery.

41.     **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made unsolicited to thousands of consumers who fall into the definition of the Class. The exact number of members of the Class can be identified through Defendant's records.

42.     **Typicality:** Plaintiff' claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class have sustained damages arising out of Defendant's uniform wrongful conduct.

43.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions. Plaintiff and their counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

44.     **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Common questions for the Class include, but are not necessarily limited to, the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

(c)     Whether Defendant systematically called consumers absent prior express written consent;

(d)     Whether Defendant fails to maintain a written Do-Not-Call policy; and

(e)     Whether Defendant made the calls using an automatic telephone dialing system or pre-recorded voice technoloty.

45.     **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

46.     **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of

12

the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

## **FIRST CLAIM FOR RELIEF**

**Negligent Violation of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227**
**(On Behalf of Plaintiff and the No Consent Class)**

47.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceeding paragraphs.

48.    Defendant made unsolicited pre-recorded voice and autodialed calls to cellular telephone numbers belonging to Plaintiff and the other members of the No

13

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Consent Class, without their prior express written consent in an effort to generate business for Defendant's solar company.

49.     Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

50.     Further, Defendant made the calls using equipment that played a pre-recorded voice or had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers, *en masse*, simultaneously and without human intervention.

51.     By making the unsolicited calls to Plaintiff and members of the Class's cellular telephones without prior express written consent, and by utilizing a pre-recorded voice or ATDS, Defendant violated 47 U.S.C. § 227(b).

52.     As a result of Defendant's unlawful conduct, Plaintiff and the members

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited phone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

53.     Further, to the effect that Defendant knew that Plaintiff did not want to have autodialed calls placed to his cell phone by defendant, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited phone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, treble damages equal to up to three times the statutory damages.

## SECOND CLAIM FOR RELIEF

**Illegal Telemarketing, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the No Consent Class)**

54.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceeding paragraphs.

55.     On information and belief, the foregoing acts and ommissions of Defendant, its affiliates or agents constitutes multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

(A)     a written policy, available upon demand, for maintaining a do-not-

15

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

call list, in violation of C.F.R. § 64.1200(d)(1);

(B)    training

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the class, prays for the following relief:

(A)        An order certifying the Class as defined above, appointing Plaintiff as the representatives of the Class, and appointing their counsel as Class Counsel;

(B)        An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

(C)        An order declaring that Defendant's actions, as set out above, violate the TCPA;

(D)        A declaratory judgment that Defendant's telephone equipment constitutes an automatic telephone dialing system under the TCPA;

(E)        An injunction requiring Defendant to cease all unsolicited text messaging activities, and otherwise protecting the interests of the Class;

(F)        An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

16

(G)        An award of treble damages if willfulness is shown; and

(H)        Such other and further relief that the Court deems reasonable

and just.

## JURY DEMAND

Plaintiff request a trial by jury of all claims that can be so tried.


Respectfully submitted,


Dated: February 4, 2022              **Mark Anthony**, individually and on behalf of
                                     all others similarly situated,


                                     By:    /s/ *Jeremy Branch*
                                     **The Law Offices of Jeffrey Lohman, P.C.**
                                     **28544 Old Town Front Street**
                                     **Suite 201**
                                     **Temecula, CA 92590**
                                     **(866) 329-9217**
                                     **jeremyb@jlohman.com**

17

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2022, a true and correct copy of the foregoing FIRST AMENDED COMPLAINT was filed using the Court's CM/ECF system, which will notify all attorneys of record.

*/s/ Jeremy Branch*
Jeremy Branch, CA
Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St., Suite 201
Temecula, CA 92590
T: (657) 363-3332
E: JeremyB@jlohman.com
*Attorney for Plaintiff*
