Douglas A. Plazak, State Bar No. 181709
dplazak@rhlaw.com
Marie E. Wood, State Bar No. 270309
mwood@rhlaw.com
REID & HELLYER APC
3685 Main Street, Suite 300
P.O. Box 1300
Riverside, California 92501
Telephone: (951) 682-1771
Facsimile: (951) 686-2415

Attorneys for Defendant
Pro Custom Solar, LLC dba Momentum Solar

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRO CUSTOM SOLAR, LLC dba MOMENTUM SOLAR, a New Jersey limited liability company,<br><br>Defendants. | Case No. 5:20-cv-01968 JAK (KKx)<br><br>**DEFENDANT PRO CUSTOM SOLAR, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS, IN PART, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6)); MEMORANDUM OF POINTS & AUTHORITIES**<br><br>**Date:** June 13, 2022<br>**Time:** 8:30 a.m.<br>**Place:** Courtroom 10B<br><br>FAC Filed: February 4, 2022 |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 13, 2022, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10B of the above-entitled Court, located at 350 West First Street, Los Angeles, CA 90012, Defendant Pro Custom Solar, LLC d/b/a Momentum Solar will, and hereby does, move to dismiss the First Cause of Action of the First Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that:

1. The First Cause of Action for Illegal Telemarketing, 47 U.S.C. § 227(b), is barred by the United States Supreme Court's <u>Facebook, Inc. v. Duguid</u> decision.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the pleadings and papers filed herein, and all such further evidence and any oral argument that may be presented at the time of the hearing. This Motion is made following counsel for moving party's attempts to confer on February 16, 2022, pursuant to L.R. 7-3.

Dated: February 18, 2022           SCHENCK, PRICE, SMITH & KING, LLP

By: */s/ Thomas J. Cotton*
    Thomas J. Cotton
    Admitted *pro hac vice*

--and--

REID & HELLYER APC

Douglas A. Plazak
Marie E. Wood

Attorneys for Defendant
Pro Custom Solar, LLC dba
Momentum Solar

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## STATEMENT OF FACTS

On September 22, 2020, Plaintiff Mark Anthony ("Plaintiff") filed his Complaint ("Compl.") against Defendant. Plaintiff's causes of action arise under the Telephone Consumer Protection Act ("TCPA"). As to the Complaint's First Count, Plaintiff alleges Defendant unlawfully contacted him in connection with telephone solicitations. As to the Complaint's Second Count, Plaintiff alleges Defendant did not maintain a TCPA compliance policy, available on Plaintiff's demand.

On January 21, 2022, this Court ruled on Defendant's pre-answer dismissal motion. Dkt. 26. This Court dismissed the Complaint's First Count, without prejudice, and denied Defendant's request to dismiss the Complaint's Second Count.

On February 4, 2022, Plaintiff filed a First Amended Complaint ("FAC"). As pertinent to this Motion, the FAC attempts to resurrect the dismissed First Count. The FAC expands upon Plaintiff's theory, albeit again with only conclusory allegations, that Defendant used: (1) a predictive dialer, which Plaintiff further contends is the same technology as an automatic telephone dialing system ("ATDS") in the eyes of the TCPA; and (2) a prerecorded message.

## II.
## THE LEGAL STANDARD

"The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." North Star Intern. v. Arizona Corp. Com'n, 720 F.2d 578, 581 (9th Cir. 1983). An action must be dismissed "where it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Levine v. Diamanthuset, Inc. 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal

theory or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc. 749 F.2d 530, 534 (9th Cir. 1984).

### III.
### THE FIRST CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM.

As is often true with any sequel, the FAC's First Count repeats many of the same defects found in the initial Complaint. There are three reasons why Count One of the FAC cannot survive a dismissal motion.

*First*, Plaintiff's ATDS allegations are conspicuously disconnected from the ATDS definition. From a statute standpoint, Plaintiff's allegations do not align with the TCPA. From a case law standpoint, Plaintiff's allegations do not align with courts' application of that ATDS definition.

The TCPA defines an ATDS to mean "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

Plaintiff alleges that the dialer at issue "has the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator and to dial such numbers, *en masse*, in an automated fashion without human intervention." FAC ¶ 11.

Plaintiff further alleges that the dialer is a "predictive dialer." Id. at ¶ 12. He goes on to offer legal argument, contending that a predictive dialer is an ATDS. Id. at ¶¶ 14-16. This is largely what Plaintiff pleaded in his prior Complaint and the resulting motion practice, albeit this second iteration includes a lengthy block-quote from an FCC directive. Id. at ¶ 16.

In his initial Complaint, Plaintiff speculated that Defendant may have used a "predictive dialer." To his credit, in the FAC, Plaintiff now affirmatively avers that Defendant used a "predictive dialer." But even if that conclusory allegation is assumed true, the First Count still fails to state a claim as a matter of law.

The U.S. Supreme Court recently clarified that a "predictive dialer" allegation does not state a claim for unlawful ATDS usage. Facebook, Inc. v. Duguid, 141 S. Ct. 1163 (2021); see also Johnson v. Comodo Group, Inc., No. 16-cv-4469, 2020 U.S. Dist. LEXIS 18033, at *12 (D.N.J. Jan. 31, 2020) (explaining that a "predictive dialer" stores pre-programmed numbers, or receives numbers from a computer database, and then dials them in an efficient manner).

The U.S. Supreme Court only issued its decision in April 2021, but judges have already accepted Duguid as a rejection of "predictive dialer" ATDS theories. See Borden v. Efinancial, LLC, No. 19-cv-1430, 2021 U.S. Dist. LEXIS 153086, at *13 (W.D. Wash. Aug. 13, 2021) (dismissing a complaint even though it alleged the defendant used a "number generator to select which stored phone numbers to dial"); see also Hufnus v. DoNotPay, Inc., No. 20-cv-8701, 2021 U.S. Dist. LEXIS 118325, at *2-4 (N.D. Cal. June 24, 2021); Watts v. Emergency Twenty Four, Inc., No. 20-cv-1820, 2021 U.S. Dist. LEXIS 115053, at *8-15 (N.D. Ill. June 21, 2021); Timms v. USAA Fed. Sav. Bank, No. 3:18-cv-1495, 2021 U.S. Dist. LEXIS 108083, at *12-18 (D.S.C. June 9, 2021).

*Second*, even assuming Plaintiff's ATDS definition aligned with the statute's definition, Plaintiff provides no facts—whatsoever—that connect his conclusory allegations with actual ATDS usage. See Neria v. Dish Network L.L.C., No. 6:19-cv-0430, 2020 U.S. Dist. LEXIS 108169, at *11-12 (W.D. Tex. June 19, 2020) ("The 'TCPA plaintiff has to prove that ATDS was used.'") (quoting Ruffrano v. HSBC Fin. Corp., No. 15-cv-0958, 2017 U.S. Dist. LEXIS 132674, at *17 (W.D.N.Y. Aug. 17, 2017)). "Even though it may be difficult to plead the particulars of the alleged ATDS a defendant used, a plaintiff, nevertheless, must allege facts that would allow a court to plausibly infer that a defendant used an ATDS." Hazan v. Wells Fargo & Co., No. 18-cv-10228, 2019 U.S. Dist. LEXIS 72748, at *3-4 (D.N.J. Apr. 30, 2019).

Plaintiff claims Defendant used an ATDS "because everytime Plaintiff answered Defendant's phone calls, he was met with hold music, a pause, and an

agent that appeared not prepared to speak with him." FAC ¶ 13. That is the beginning and the end of his ATDS allegations. See id. at ¶¶ 32-33 (repeating Plaintiff's same "music and pause" theory).

Courts across the country have considered alleged delays at the start of a call, and ruled they are insufficient to state a TCPA claim. See, e.g., Martin v. Allied Interstate, LLC, 192 F. Supp. 3d 1296, 1308-09 (S.D. Fla. 2016) ("Courts have routinely rejected similar claims by plaintiffs who try to maintain a TCPA claim on the belief that an ATDS was used based on 'clicks, 'delays,' or 'dead air' on the other end of the line."); Smith v. Aitima Med. Equip., Inc., No. 16-0339, 2016 U.S. Dist. LEXIS 113671, at *18 (C.D. Cal. July 29, 2016) ("One call and one pause, standing alone, do not take the claim of the use of an ATDS beyond the speculative level."); Danehy v. Jaffe & Asher, LLP, No. 5:14-cv-60, 2015 U.S. Dist. LEXIS 32579, at *22 (E.D.N.C. Mar. 17, 2015) (rejecting TCPA claim where plaintiff merely alleged "presence of 'hesitation' on the other end of the line").

The Duguid decision only confirms that a "pause or delay" allegation cannot survive a dismissal motion—and this Court recognized that, expressly, within its prior dismissal decision: "As to the claim that Defendant used an ATDS, the details alleged in the Complaint may have been sufficient to state a claim prior to Duguid. However, the allegations are not sufficient to satisfy the statutory definition of an ATDS as clarified by Duguid." Dkt. 26 at 4.

That is because, before Duguid, many courts viewed the ATDS definition as extending to most dialing technologies; a "pause" suggested some sort of dialing technology had been used. The use of dialing technology, virtually by default, tied the "pause" allegation to an ATDS. Now with Duguid decided, a narrow ATDS definition is the law of the land. The suggestion that a dialing technology is used, that suggestion no longer connects a chain of inferences to an ATDS. To allow ATDS claims to survive based solely on a "pause or delay" allegation would render Duguid meaningless.

- 4 -
MOTION TO DISMISS FOR FAILURE TO STATE CLAIM

*Third*, to the extent Plaintiff casts Count One as a prerecorded-voice claim instead of an ATDS claim, it still must be dismissed.

As this Court astutely noted in its prior decision, Plaintiff's pre-recorded voice theory suffers from ambiguities and inconsistencies in Plaintiff's careful choice of words. "It is not inconceivable that both a prerecorded voice message and music played before a live person appeared on the line. However, as pleaded, the Complaint is ambiguous." Dkt. 26 at 4.

Plaintiff's FAC has not cured these issues. Plaintiff's FAC only doubles down on them. Compare FAC ¶ 50 ("Defendant made the calls using equipment that played a pre-recorded voice or had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers, *en masse*, simultaneously and without human intervention.") (emphasis added) with FAC ¶ 32 (describing "each time Plaintiff answered Defendant's call" as involving music, without making any mention of a prerecorded voice).

Even if these ambiguities and inconsistencies are excused, what remains of Plaintiff's FAC is a failure to state a claim. As a matter of law, allegedly hearing "music" does not state a TCPA prerecorded-voice claim. The TCPA statute, as well as its associated regulation, makes clear that a prerecorded-voice claim is focused on telemarketing practices involving a narrative, spoken message intended to communicate a sales pitch. 47 U.S.C. § 227; 47 C.F.R. § 64.1200. That is a far cry from music. Moreover, mentioning "music" in passing is not enough to plead a prerecorded-voice claim. See Trumper v. GE Capital Retail Bank, 79 F. Supp. 3d 511, 513 (D.N.J. 2014) (granting dismissal motion due to the plaintiff's insufficient allegations of a prerecorded voice).

# IV.

## THE FAC MARKS PLAINTIFF'S SECOND FAILED ATTEMPT TO PLEAD HIS FIRST COUNT, THEREFORE ANY DISMISSAL SHOULD BE ENTERED WITH PREJUDICE.

Plaintiff has twice failed to plead a viable First Count. The FAC's First Count should therefore be dismissed with prejudice. "It is appropriate to dismiss a claim without leave to amend when (1) the plaintiff has already had opportunities to amend his complaint and (2) further amendment would be futile." Leyva v. Brown, No. 20-cv-8483, 2021 U.S. Dist. LEXIS 162009, at *3 (C.D. Cal. June 9, 2021) (citing Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009)). If Plaintiff knew of TCPA-worthy allegations, he would have pled them by now.

# V.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its Motion to Dismiss, in Part, for Failure to State a Claim.

Dated: February 18, 2022         SCHENCK, PRICE, SMITH & KING, LLP

By: */s/ Thomas J. Cotton*
Thomas J. Cotton
Admitted *pro hac vice*

--and--

REID & HELLYER APC

Douglas A. Plazak
Marie E. Wood

Attorneys for Defendant
Pro Custom Solar, LLC dba
Momentum Solar

**REID & HELLYER APC**
3685 MAIN STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92501
TELEPHONE (951) 682-1771

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 18, 2022  /s/ *Thomas J. Cotton*
Thomas J. Cotton

**REID & HELLYER APC**
3685 MAIN STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92501
TELEPHONE (951) 682-1771